DOMENGEAUX, Judge.
On Saturday, November 11, 1967, at about 9:00 p. m., a collision occurred in the City of New Orleans involving two automobiles, one of which was owned and operated by the plaintiff herein. Shortly after the occurrence of the accident, representatives of Joe’s Wrecker Service, one of the defendants herein, arrived on the scene with a wrecker truck and successfully solicited the towing of plaintiff’s automobile. Following some discussion regarding where the automobile should be taken it was decided that because it was an Oldsmobile and Mossy Motors, Incorporated was an Oldsmobile dealer, whose place of business was not far away, it would be taken to Mossy Motors, the other defendant herein. Plaintiff pointed out to the wrecker driver that he had a stereo tape deck in the automobile and then the wrecker driver took plaintiff’s automobile keys and towed the automobile around the block. He then returned to the scene of the accident to tow the other vehicle away but in attempting to do so, he broke the tow bar on his wrecker. Having called in another of his company’s wreckers he returned to his shop to repair the broken tow bar. Meanwhile the plaintiff’s automobile was left unattended in what the wrecker driver referred to as a “bad” residential neighborhood, late in the evening, for several minutes.
The second wrecker picked up plaintiff’s automobile and towed it to an empty unfenced lot belonging to Mossy Motors. The driver of this second wrecker testified that although he knew that Mossy Motors had a watchman on duty, he did not speak to the watchman or to anyone else, but merely dropped the automobile in the lot and left. This he said was the custom *698 ary manner in which wrecked automobiles were delivered to Mossy Motors after working hours, and all other pertinent testimony bears out his statement.
On Monday morning the plaintiff called Mossy Motors to inquire about his automobile and was told that it was on their lot. On Thursday plaintiff and a companion went to view the automobile and discovered that the stereo tape deck was missing. Plaintiff made this fact known to Mossy Motors and to Joe’s Wrecker Service. The automobile was repaired and delivered to plaintiff some one and a half to two weeks later. Plaintiff parked the automobile on the street in the French Quarter over night for a couple of days and then looked in his trunk only to find that some golf clubs, a spare tire, and some fishing equipment were also missing. A suit was filed against both defendants for the value of the missing articles, and judgment was rendered against them in solido for the sum of $547.-00. From this judgment Mossy Motors, Incorporated has perfected a suspensive appeal to this court.
Since the other defendant herein has not seen fit to appeal, we concern ourselves only with Mossy Motors, Incorporated.
The facts as evidenced in the record before us show that the stereo tape deck was taken from plaintiff’s vehicle sometime between its delivery to Joe’s Wrecker Service on Saturday night and the discovery of its loss by plaintiff on Thursday afternoon. The objects stolen from the trunk could have been removed at any time between the weekend previous to that of the accident and two or three days after Mossy Motors delivered possession of the plaintiff’s automobile. There was therefore a period of approximately one month intervening between the time plaintiff last saw the items in the trunk of his automobile and the time that he noticed these things were missing. Plaintiff could approximate the time of the theft no closer. During this time the automobile stood unattended for several nights in the French Quarter, for several minutes in what we gather was an undesirable neighborhood, and for two nights in an open lot belonging to Mossy Motors. The rest of the time it was apparently stored either in Mossy’s shop or in their enclosed yard. In addition there was not one scintilla of evidence, other than plaintiff’s suppositions, that the items in the trunk were there when Mossy received the automobile, or were not there when plaintiff received it from Mossy. Thus, plaintiff has not only failed to show that his property was stolen while under Mossy’s control but. has failed to show even a delivery of the goods in question to Mossy. All that plaintiff has proved to any degree of certainty is that the stereo tape deck was in his vehicle when he delivered it to Joe’s Wrecker Service and was not in his vehicle when Mossy Motors delivered it to him. Under these circumstances it is our opinion that plaintiff has failed to establish a deposit for hire, the first requisite of which is delivery of the goods to the bailee. LSA-C.C art. 2930. We therefore conclude that there is insufficient evidence to hold Mossy Motors responsible for the loss of the items in question.
For the foregoing reasons, the judgment of the trial court insofar as it affects Mossy Motors, Incorporated, must be, and so is hereby, reversed and plaintiff’s suit against Mossy Motors, Incorporated, is hereby dismissed with prejudice and at his cost in this court. Costs in the court below to be assessed only against Joseph Downey, d/b/a Joe’s Wrecker Service. In all other respects the judgment of the trial court is affirmed.
Affirmed in part; reversed in part.